**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ALPHACARD SYSTEMS LLC, et al.,

           Plaintiffs,

       v.

FERY LLC,

           Defendant.

Civil Action No. 19-20110 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Fery LLC's ("Defendant") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) Plaintiffs AlphaCard Systems LLC, DiscountID.com LLC, and ID Card Group LLC (collectively, "Plaintiffs") opposed (ECF No. 10), and Defendant replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss is denied.

**I.     BACKGROUND[1]**

Plaintiffs and Defendant compete for sales of identification ("ID") card products and supplies on Amazon Marketplace. (Compl. ¶¶ 1–2, 26, ECF No. 1.) According to Plaintiffs, when multiple sellers list similar products on Amazon Marketplace, consumers searching for that product see a list of results ordered, in part, by the favorability of a product's underlying customer

---

[1] For the purpose of the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

reviews. (*Id.* ¶ 19.) Plaintiffs allege that Defendant's Amazon Marketplace business plan "is nothing more than a wholesale campaign of false advertising." (*Id.* ¶ 27.) Plaintiffs assert that Defendant placed hundreds of phony customer reviews on its products, which purport to state customers' honest opinions even though reviewers did not purchase or honestly evaluate the product. (*Id.* ¶¶ 27, 37.) Defendant placed these reviews in bulk "to artificially jump the listings of Defendant's products to the top of Amazon's search results and to deceive consumers into believing Defendant's products were higher quality and more trustworthy and reputable than Defendant's competitors' products." (*Id.* ¶¶ 30, 33(c).) By exploiting Amazon's search algorithm, Defendant creates a self-reinforcing cycle of wrongful gains at the expense of honest competitors like Plaintiffs. (*Id.* ¶ 38.) As Defendant's products rise to the top of Amazon's search results, Plaintiffs' products have been pushed down, resulting in the loss of Plaintiffs' sales, customer goodwill, and reputation. (*Id.* ¶ 39.)

Prior to filing suit, Plaintiffs sent Defendant a cease-and-desist correspondence on October 25, 2019, demanding Defendant remove its offending product listings and cease its solicitation and use of fake customer reviews. (*Id.* ¶ 40.) Defendant acknowledged receipt of the correspondence but has continued to engage in its false advertising scheme. (*Id.* ¶¶ 41–44.)

On November 12, 2019, Plaintiff filed this action, alleging claims for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), (Count I) (*id.* ¶¶ 45–53); and tortious interference with prospective business advantage under New Jersey state law, (Count II) (*id.* ¶¶ 54–60). Defendant moves to dismiss both Counts I and II for failure to state a claim.

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original).

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations and citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III. DISCUSSION

### A. False Advertising Under the Lanham Act

The Lanham Act states, in relevant part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
> . . .

3

> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).

To make a claim for false advertising under the Lanham Act, Plaintiffs must plead the following elements:

> (1) that the defendant has made false or misleading statements as to [its] own product . . . ; (2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the advertised goods traveled in interstate commerce; and (5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc.

*GlaxoSmithKline Consumer Healthcare, L.P. v. Merix Pharm. Corp.*, 197 F. App'x 120, 122 n.1 (3d Cir. 2006) (quoting *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 872 (3d Cir. 1992)). A claim for false advertising is subject to a slightly heightened pleading standard under which a plaintiff must plead "sufficiently detailed allegations regarding the nature of the alleged falsehoods to allow him to make a proper defense." *Trans USA Prods., Inc. v. Howard Berger Co.*, No. 07-5924, 2008 WL 852324, at *5 (D.N.J. Mar. 28, 2008). Defendants move to dismiss Count One for failure to satisfy the first, third, and fourth elements. (Def.'s Moving Br. 5, ECF No. 9-1.)

To plead the first element, Plaintiffs must plead that Defendant's message or statement was "either (1) literally false or (2) literally true or ambiguous, but has the tendency to deceive consumers." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002) (citation omitted). "A 'literally false' message may be either explicit or conveyed by necessary implication when, considering the advertisement in its entirety,

4

the audience would recognize the claim as readily as if it had been explicitly stated." *Id.* at 586–87 (internal quotation marks omitted).

Here, the Complaint alleges that Defendant's fake consumer reviews are literally false because they "purport to state a consumer's honest opinion of a product that the reviewer did not in fact purchase, and/or is not in fact evaluating honestly." (Compl. ¶ 37.) This allegation is akin to that made in *Interlink Products International, Inc. v. F & W Trading LLC*, No. 15-1340, 2016 WL 1260713 (D.N.J. Mar. 31, 2016). There, the plaintiff similarly alleged that the "[d]efendants purposefully dr[o]ve up Amazon product ratings by enlisting inherently biased professional reviewers intending for consumers to rely on the misleading heightened reviews when selecting a product for purchase." *Id.* at *9. Finding those "allegations sufficient to state a claim on implied falsity grounds," the court denied the defendant's motion to dismiss for failure to state a claim for false advertising.

Defendant argues that "[a] purported claim for false advertising fails where the plaintiff does not identify the false statements in question." (Def.'s Moving Br. 4.) Defendant, however, does not support its argument with citation to any persuasive legal authority.[2] (*Id.*) Moreover, the Court finds that Plaintiffs have pled sufficient facts at this stage to state a claim for false advertising based on the alleged business practice of using fake reviews to drive up product ratings. The fake reviews also drive visibility of Defendant's products on Amazon Marketplace and influence

---

[2] Defendant cites to *Ferring Pharmaceuticals Inc. v. Watson Pharmaceuticals, Inc.*, No. 12-05824, 2014 WL 12634303, at *4 (D.N.J. Aug. 4, 2014). There, the court found the defendant's sole allegation that, "in its marketing, [the plaintiff] makes numerous claims that [its product] is preferred over [the defendant's product]" was vague and failed to identify what false or misleading statements were made. *Id.* The district court held, therefore, that the defendant failed to state a false advertising counterclaim. *Id.*

customer purchases of those products. The Court finds these allegations sufficient to state a claim on implied falsity grounds.

Defendant also argues that Plaintiffs fail to allege the remaining elements of a false advertising claim but does not provide any substantive argument on those remaining elements. (Def.'s Moving Br. 5.) As to these remaining claims, the Court finds Defendant fails to meet its "burden of showing that no claim has been presented." *Hedges*, 404 F.3d at 750. Accordingly, Defendant's Motion to Dismiss Plaintiffs' Lanham Act claim is denied.

### B. Tortious Interference with Prospective Economic Advantage

A claim for tortious interference with prospective business advantage exists where there is a "luring away, by devious, improper and unrighteous means, of the customer of another." *Avaya Inc., RP v. Telecom Labs, Inc.*, 838 F.3d 354, 382 (3d Cir. 2016). To properly plead such a claim, Plaintiffs must plead: (1) Plaintiffs' reasonable expectation of economic benefit or advantage; (2) Defendant's knowledge of that expectancy; (3) Defendant's interference was done intentionally and with malice; (4) the interference caused the loss of the prospective gain; and (5) damages resulted from Defendant's interference. *Fineman v. Armstrong World Indus.*, 980 F.2d 171, 186 (3d Cir.1992) (citing *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31, 37 (N.J. 1989)).

#### 1. Plaintiffs' Reasonable Expectation of Economic Benefit

Defendant argues that Plaintiffs have not pleaded a reasonable expectation of economic benefit or advantage because Plaintiffs have not identified "any specific prospective customer." (Def.'s Moving Br. 7.) To allege a reasonable expectation of economic opportunity, a "complaint must demonstrate that a plaintiff was in 'pursuit' of business." *Printing Mart*, 563 A.2d at 37. "It is not necessary that the prospective relation be expected to be reduced to a formal, binding

contract." *Avaya*, 838 F.3d at 382 (quoting *Printing Mart*, 563 A.2d at 39). Furthermore, "such prospective relations include the opportunity of selling or buying land or chattels or services, and any other relations leading to potentially profitable contracts." *Id.* (internal quotation marks omitted). To that end, "[t]his District has consistently found that a reasonable expectation of economic benefit can exist 'even where the sale is to the public at large' as long as the plaintiff was in the active 'pursuit of business.'" *Capital Health Sys., Inc. v. Veznedaroglu*, No. 15-8288, 2017 WL 751855, at *10 (D.N.J. Feb. 27, 2017) (citation omitted).

Although Plaintiffs do not identify specific customers, Plaintiffs sufficiently plead that (1) they are the industry-leading seller of customized ID Card solutions and supplies, and (2) the parties compete for the same consumers by selling highly similar or the same products. (Compl. ¶¶ 1–3.) Plaintiffs allege the first element of a tortious interference claim by alleging that Defendant employed fake reviews, thereby bringing its products to the top of Amazon's search results and, in turn, pushing down Plaintiff's products to the bottom of the same. (Compl. ¶ 30.) With its products appearing at the top of search results and appearing to be highly reviewed by consumers, Defendant attracts customers who would otherwise see and purchase Plaintiffs' products. (*Id.* ¶ 47.) Plaintiffs' allegations give rise to some reasonable expectation of economic advantage, and, therefore, the Court denies Defendant's Motion to Dismiss on this basis.

### 2. Defendant's Knowledge of Expectancy

Defendant argues that Plaintiffs' allegations as to Defendant's knowledge of Plaintiffs' prospective economic relationships with Amazon customers are conclusory. (Def.'s Moving Br. 8.)

The Complaint alleges that Plaintiffs are the industry leading seller of customized ID card solutions and supplies; that Defendant is Plaintiffs' direct competitor of the same or highly similar

7

products on Amazon; and that Plaintiffs sent a cease-and-desist letter prior to filing suit. (Compl. ¶¶ 1–3, 40.) Based on these allegations, the Court finds Plaintiffs adequately allege Defendant's knowledge of Plaintiffs' reasonable expectation of economic benefit.

### 3. Defendant Interfered Intentionally and with Malice

Defendant argues that Plaintiffs fail to allege Defendant acted with intention and malice. (Def.'s Moving Br. 8–9.) Malice is not "ill will"; rather, "it means that harm was inflicted intentionally and without justification or excuse." *Lamorte Burns & Co. v. Walters*, 770 A.2d 1158, 1170 (N.J. 2001) (citation omitted); *Printing Mart*, 563 A.2d at 37 (citation omitted). "Although competition may constitute a justification, a defendant claiming a business-related excuse must justify not only its motive and purpose, but also the means used." *Burns*, 770 A.2d at 1171 (citation omitted). A court will generally look at "whether the conduct was sanctioned by the 'rules of the game'" or merely "healthy competition." *Id.* at 1170. "The conduct must be both 'injurious and transgressive of generally accepted standards of common morality or of law.' The line clearly is drawn at conduct that is fraudulent, dishonest, or illegal and thereby interferes with a competitor's economic advantage." *Id.* at 1170–71 (internal citations omitted).

Plaintiffs allege that Defendant places in bulk fake customer reviews of its products, which "artificially jump the listing of Defendant's products to the top of Amazon's search results" and "deceive customers into believing Defendant's products [are] higher quality and more trustworthy and reputable than Defendant's competitors' products." (Compl. ¶ 30.) Furthermore, "Amazon['s] policies bar Amazon Marketplace sellers from purchasing positive reviews or otherwise improperly incentivizing customers to leave positive reviews." (*Id.* ¶ 21.) From these allegations, the Court holds that Plaintiffs allege conduct by Defendant that goes beyond "healthy competition" and that interferes with Plaintiffs' economic advantage.

8

#### 4. Defendant's Interference Caused the Loss of the Prospective Gain

Defendant's only argument as to the causation element is that, because Plaintiffs fail to allege a reasonable expectation of economic benefit or advantage, they also fail to plead that they would have received an anticipated economic benefit if not for Defendant's interference. (Def.'s Moving Br. 9.) As shown above, Plaintiffs allege a reasonable expectation of economic benefit or advantage. *See supra* Section III.B.1. Accordingly, Defendant has not met its burden to show Plaintiffs fail to allege causation.

#### 5. Damages Resulted from Defendant's Interference

Defendant argues that Plaintiff fails to plead damages by failing to "allege an injury that is more concrete than lost business of unknown, unsolicited, or hypothetical customers." (Def.'s Moving Br. 9–10 (quoting *Marin v. Landgraf*, No. 11-690, 2013 WL 356623, at *5 (D.N.J. Jan. 29, 2013)); *see also id.* at 10 (citing *Canfield Sci., Inc. v. Melanoscan, LLC*, 2017 WL 2304644, at *6 (D.N.J. May 25, 2017)).)

Here, unlike the plaintiffs in *Marin* and *Canfield*, Plaintiffs provide more than conclusory statements on damages and lost business. Plaintiffs allege that the inflation of reviews on Defendant's products results in the increased sales of those products and the simultaneous decrease in visibility of Plaintiffs products on Amazon search results pages. (Compl. ¶¶ 38–39.) Because of Defendant's tortious acts, Plaintiffs have experienced "lost sales and customer goodwill" and "lost reputation." (*Id.* ¶¶ 39, 59.) Plaintiffs do not merely allege "lost business of unknown, unsolicited, or hypothetical customers," but sufficiently allege facts supporting a reasonable prospective economic benefit and a wrongful denial of that economic benefit. Moreover, the Court finds it prudent to "await the development of [the] record" before striking Plaintiff's tortious interference


claim for failure to allege damages. *See Printing Mart*, 563 A.2d at 47. The Court, accordingly, finds Plaintiffs plead damages to support their tortious interference claim.

## IV. CONCLUSION

For these reasons, the Court denies Defendant's Motion to Dismiss. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**