**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALPHACARD SYSTEMS LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FERY LLC, *et al.*, <br><br> Defendants. | Civil Action No. 19-20110 (ZNQ) (TJB) <br><br> **MEMORANDUM OPINION** |

**QURAISHI, District Judge**

This matter comes before the Court on Plaintiffs-Counterclaim Defendants AlphaCard Systems LLC, DiscountID.com LLC, and ID Card Group, LLC's (collectively, "Plaintiffs") Motion to Dismiss Defendant-Counterclaim Plaintiff Fery LLC's ("Fery") amended antitrust counterclaims. (ECF Nos. 59 and 60). Fery opposed (ECF No. 67), and Plaintiffs replied (ECF No. 76). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Plaintiffs' Motion to Dismiss Fery's amended antitrust counterclaims.

**I.      BACKGROUND**[1]

Plaintiffs and Fery sell identification card products and related supplies ("ID Products") on Amazon Marketplace. *AlphaCard Sys. LLC*, 2020 WL 4736072, at *1. Plaintiffs allege that Fery has placed fake, positive reviews for its own products on Amazon's Marketplace. *Id.* Based on

---

[1] The parties are familiar with the factual and procedural history of this matter and therefore the Court recites only those facts necessary to resolve the instant motion. *See AlphaCard Sys. LLC v. Fery LLC*, No. 19-20110, 2020 WL 4736072 (D.N.J. Aug. 14, 2020); *see also AlphaCard Sys. LLC v. Fery LLC*, No. 19-20110, 2021 WL 2190901 (D.N.J. May 31, 2021).

those allegations, Plaintiffs filed a two-count action against Fery in November 2019, asserting claims for (1) false advertising under the Lanham Act, 15 U.S.C. § 1125(a) and (2) tortious interference with prospective business advantage under New Jersey law. *Id.* In an earlier opinion, the Court denied Fery's motion to dismiss both counts. *Id.* at *5.

Thereafter, in September 2020, Fery filed an Answer and Counterclaims against Plaintiffs. (Answer & Original Countercls., ECF No. 33). In those pleadings, Fery alleged that Plaintiffs and their nonparty corporate affiliates—the Barcodes Enterprise[2]—are seeking to monopolize the "ID Products market." (Original Countercls. ¶¶ 16, 25). Fery asserted, on information and belief, that the Barcodes Enterprise "controls in excess of seventy (70%)" of the "market for direct online sales of ID printers and related security control equipment and supplies to commercial and government customers i[n] the geographic market of the United States[.]" (*Id.* ¶ 17). Fery alleged that, despite acting as a single enterprise, Plaintiffs "us[e] their own free-standing websites that they deceptively present to customers as numerous unrelated businesses[.]" (*Id.* ¶¶ 15, 20). Fery also alleged that Plaintiffs "have historically charged prices above competitive levels for their products." (*Id.* ¶ 18).

According to Fery, Plaintiffs and the Barcodes Enterprise seek to "curtail all sales of ID products on Amazon Marketplace" to maintain monopoly power. (*Id.* ¶¶ 24, 30). In that regard, Fery appeared to allege that Plaintiffs seek to limit competition in general and competition with Fery in particular. As to competition in general, Fery asserted that Plaintiffs are "covertly urging Amazon customers"—in breach of their contract with Amazon—"to divert their purchases from the Amazon Marketplace to the various Barcodes Enterprise's websites on Google." (*Id.*) As to

---

[2] Referring to them collectively as the Barcodes Enterprise, Fery indicates that Plaintiffs and four other nonparty entities are subsidiaries of nonparty Barcodes, which in turn is controlled by nonparty Odyssey Investment Partners, LLC. (Original Countercls. ¶¶ 1–9, 15).

2

Fery in particular, Fery asserts that Plaintiffs made "disparaging allegations to manufacturers that Fery's sales on the Amazon Marketplace were illegal[ ]" and brought the "present frivolous allegations against Fery in this Court." (*Id.* ¶¶ 26, 28). With respect to the disparagement allegations, Fery alleged, on information and belief, that "at least one manufacturer, refused to make sales to Fery, after having previously done so, because the Barcodes Enterprise induced it to refrain from such dealing." (*Id.* ¶ 27).

Based on these allegations, Fery asserted four counterclaims against Plaintiffs: three antitrust claims under Section 2 of the Sherman Act for attempted monopolization, monopolization, and conspiracy to monopolize; and one claim for tortious interference with existing business relations. (*Id.* ¶¶ 31–67).

On October 16, 2020, Plaintiffs moved to dismiss the Original Counterclaims for failure to state a claim, and on May 31, 2021, the Court granted in part and denied in part Plaintiffs' motion. *AlphaCard Sys. LLC*, 2021 WL 2190901, at *1. Specifically, while the Court denied Plaintiffs' motion as to Fery's tortious interference claims, the Court dismissed Fery's antitrust counterclaims, finding that Fery failed to adequately plead antitrust injury because it only alleged injury to itself, not to competition in the relevant market. (*Id.* at *3).

On June 15, 2021, Fery filed an Answer and Amended Counterclaims (ECF No. 54, Amended Countercls.), asserting the same three antitrust claims under Section 2 of the Sherman Act for attempted monopolization, monopolization, and conspiracy to monopolize. On July 20, 2021, Plaintiffs filed the instant motion to dismiss Fery's amended antitrust counterclaims. (ECF No. 59 ("Pls. Moving Br.")). Fery opposed Plaintiffs' motion on August 24, 2021 (ECF No. 67 ("Fery's Opp'n Br.")), and Plaintiffs filed their reply on September 13, 2021. (ECF No. 76 ("Pls.' Reply")).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *Haney v. USA Gymnastics, Inc.*, No. 21-07213, 2022 WL 909871, at *2 (D.N.J. Mar. 29, 2022). When reviewing a motion to dismiss for failure to state a claim, courts first separate the factual and legal elements of the claims and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). While Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id.* at 570; *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

### III. DISCUSSION

On this motion, Plaintiffs move to dismiss Fery's amended antitrust counterclaims for substantially the same reasons as their first motion to dismiss, including Fery's failure to allege anticompetitive conduct and monopoly power. (Pls.' Moving Br. 8-17). Moreover, Plaintiffs contend that Fery's antitrust conspiracy claim (Third Counterclaim) independently fails because Fery cannot conspire with themselves. (*Id.* at 18). As a threshold issue, however, Plaintiffs also submit that Fery's antitrust counterclaims fail because it has not remedied the deficiency identified by the Court's prior Memorandum Opinion, *i.e.*, failure to allege an injury that impacted the overall competitive market. Because the Court agrees with Plaintiffs' position, it finds that Fery's antitrust counterclaims should be dismissed without prejudice. *AlphaCard Sys. LLC*, 2021 WL 2190901, at *3.

At the outset, the Court must address Fery's confusing—and incorrect—assertion that antitrust standing and antitrust injury is "not a formal element of a Section 2 claim," but that courts "<u>may</u> require plaintiffs to show 'antitrust injury'" to state a claim. (Fery's Opp'n Br. 26) (emphasis in original). Specifically, Fery claims that "Plaintiffs only must show injury to themselves flowing from the conduct that reduced competition in the market and 'must allege facts showing 1) that they suffered the type of injury or harm the antitrust laws were intended to prevent (*i.e.*, type of injury) and 2) that the injury flows from the Defendant[']s unlawful or anti-competitive acts (*i.e.*, causation.' " (*Id.* at 27-28) (quoting *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 534 (D.N.J. 2004). As stated in the Court's prior Memorandum Opinion, this is simply not the case.[3] *Pace*

---

[3] To the extent that Fery believes the Court made a clear error of law or fact in dismissing its Original Counterclaims such that it resulted in a "manifest injustice," the appropriate recourse would have been a motion for reconsideration. *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014); *Rowe v. Superintendent Albion SCI*, No. 19-

*Elecs., Inc. v. Canon Computer Sys., Inc.*, 213 F.3d 118, 120 (3d Cir. 2000) ("In addition, [the antitrust plaintiff] must allege antitrust injury. . . .") (emphasis added). "Competition is at the heart of the antitrust laws[.]" *Phila. Taxi Ass'n, Inc. v. Uber Techs., Inc.*, 886 F.3d 332, 338 (3d Cir. 2018). "Antitrust laws are only aimed at curtailing anticompetitive conduct, 'or a competition-reducing aspect or effect of the defendant's behavior.' " *Pfizer Inc. v. Johnson & Johnson*, 333 F. Supp. 3d 494, 501 (E.D. Pa. 2018) (quoting *Phila. Taxi Ass'n*, 886 F.3d at 338). Stated differently, "the underlying principle of our antitrust laws is to protect competition, not competitors." *Id.* (citing *Phila. Taxi Ass'n*, 886 F.3d at 338). "The law therefore establishes antitrust injury as a common pleading requirement for antitrust plaintiffs." *Id.* (citing in part *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)). An antitrust injury is an "injury of the type the antitrust laws were intended to prevent and that flow from that which makes defendants' acts unlawful." *Brunswick*, 429 U.S. at 489. "Under this requirement, [a party] 'must allege harm to competition, not just harm to its own business' to adequately plead antitrust injury." *Pfizer*, 333 F. Supp. 3d at 502 (citations omitted). "This standard, on a motion to dismiss, requires an antitrust plaintiff to allege facts capable of supporting a finding or inference that the purported anticompetitive conduct produced increased prices, reduced output, or otherwise affected the quantity or quality of the product." *Id.* (citations omitted).

Having reiterated that allegations of antitrust injury are a necessary component of any pleading asserting antitrust claims—including injury to competition in the relevant market—the Court addresses Fery's failure to correct the deficiency identified in this Court's prior Memorandum Opinion. This Court previously found that Fery failed to adequately plead antitrust

---

1744, 2019 WL 11790187, at *1 (3d Cir. Sept. 9, 2019), *cert. denied sub nom. Rowe v. Clark*, 140 S. Ct. 1143 (2020).

injury because it only alleged "injury to itself, not to competition in the relevant [ID Products] market." *AlphaCard Sys. LLC*, 2021 WL 2190901, at *3. Moreover, this Court noted that "[t]he counterclaims fail . . . to address how Plaintiffs' alleged anti-competitive conduct negatively impacted the overall competitive market by, for example, increasing prices, reducing output, or otherwise affecting the quantity or quality of the products offered for sale to the market." *Id.* Indeed, the Court noted that in each of its three antitrust counterclaims, Fery only asserted that "Fery has sustained the type of injury that the antitrust laws were intended to prevent and that which flows from the anticompetitive and exclusionary characteristics that makes [Plaintiffs] and the Barcodes Enterprise's conduct unlawful." *Id.* (citing Original Countercls. ¶¶ 37, 48, 56). Finally, this Court also found that Fery's conclusory assertion that Plaintiffs have "exclud[ed] market entrants" was insufficient to state an antitrust injury because Fery provided no factual allegations to support its claim that Plaintiffs excluded market entrants. *Id.*

Here, a comparison of Fery's Original Counterclaims to its Amended Counterclaims demonstrates that Fery has failed to allege any new facts to support an inference of anticompetitive conduct. First, in opposition to Plaintiffs' argument that Fery's Amended Counterclaims still lack allegations of any antitrust injury, Fery highlights allegations of Plaintiffs' purported anticompetitive conduct including acquisitions and maintenance of multiple brands, sham litigation and disparagement toward Fery, and an attempt to divert customers from the Amazon website to Plaintiffs' own sites. (Fery's Opp'n Br. 28-29). Fery contends that "it is plausible that the probable effect of those actions, if proved, would substantially lessen competition and severely restrict the market's ambit." (*Id.* at 29). Noticeably, however, this exact conduct was alleged in Fery's Original Counterclaims, and this Court found that despite those allegations, Fery had failed "to address how Plaintiffs' alleged anti-competitive conduct negatively impacted the overall

7

competitive market by, for example, increasing prices, reducing output, or otherwise affecting the quantity or quality of the products offered for sale to the market." *AlphaCard Sys. LLC*, 2021 WL 2190901, at *3; *Compare* Original Countercls. ¶ 20 (multiple brands), ¶ 21 (acquisitions), ¶ 24 (diversion of customers to Plaintiffs' own websites), ¶ 26 (disparagement of defendant), ¶ 28 (sham litigation), *with* Amended Countercls. ¶ 3 (multiple brands, disparagement, "time consuming litigation"), ¶ 60 (acquisitions), ¶ 61 ("divert[ing] their [customers'] purchases from the Amazon Marketplace to the various [Defendant] Enterprise websites"; "making disparaging and defamatory allegations to manufacturer suppliers" about Defendant; "initiating baseless litigation"). Indeed, the Court again finds that Fery's Amended Counterclaims, which contain no allegations of price increases, reduced output, or other negative impacts to quantity or quality of the products in the marketplace, fail to make that critical connection.

Second, Fery also appears to contend that it has stated an antitrust injury because it pled an injury to itself—a position that the Court finds unpersuasive for the reasons stated in its prior decision. (Fery's Opp'n Br. 32-36). Briefly, this Court previously dismissed Fery's Original antitrust Counterclaims because Fery only claimed injury to itself, not to competition in the relevant market. *AlphaCard Sys. LLC*, 2021 WL 2190901, at *3. The Amended Counterclaims, however, allege, upon information and belief, simply that Plaintiffs' conduct purportedly "will further deter and prevent other potential competitors from entering the relevant Marketplace." (Amended Countercls. ¶ 62). This wholly conclusory and unsupported allegation is precisely the type of "bald assertion" that the Court did not credit previously and will not credit now. *AlphaCard Sys. LLC*, 2021 WL 2190901, at *3 (finding that Fery's conclusory assertion that Plaintiffs have "exclud[ed] market entrants" is insufficient to state an antitrust injury). Put simply, Fery cannot

rely on the same, slightly repackaged factual allegations to correct the pleading deficiencies previously identified by this Court and expect a different result.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' Motion to Dismiss Fery's amended antitrust counterclaims. Because those claims are dismissed without prejudice, however, Fery is given leave to amend its antitrust counterclaims within 30 days from the date of the accompanying Order consistent with the guidance provided in this Memorandum Opinion. Fery is cautioned that, given its unsuccessful attempts to plead its antitrust claims, should it seek to replead them, the Court will consider whether they should be dismissed with prejudice on a third motion to dismiss if the pleading deficiencies have not been remedied. The Court will enter an Order consistent with this Memorandum Opinion.

Date: May 17, 2023

s/ Zahid N. Quraishi<br>
ZAHID N. QURAISHI<br>
UNITED STATES DISTRICT JUDGE